Filed 12/1/20  Marriage of Cunningham CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of JENNIFER and JOHN PAUL CUNNINGHAM. | 2d Civil No. B303493 (Super. Ct. No. D372438) (Ventura County) |
| JENNIFER CUNNINGHAM, Appellant, v. JOHN PAUL CUNNINGHAM, Respondent. | |

Jennifer Cunningham appeals from the trial court's postjudgment order granting John Paul Cunningham's motion to dismiss her request for an order finding him in contempt of court.[1]  We affirm.

---

[1] We use the parties' first names for clarity.

Jennifer and John married in 1997, and separated in 2015. In 2016 John received a federal income tax refund of $5,700 for overpayments made in tax year 2015. Jennifer became aware of the refund in 2018 while she and John were discussing a settlement agreement to divide their community assets and liabilities. The two signed the agreement later that day.

One of the provisions of the settlement agreement provided that Jennifer and John would share any tax refund equally. Another provided that they each waived any "[c]laim[] for reimbursement from the other [p]arty . . . regarding . . . payments made to or on behalf of the [p]arties or the community prior or subsequent to the [d]ate of separation." A third provided that they each waived "any claim against the other [p]arty for the receipt of community property funds after separation[,] or for the expenditure of community property after separation, or both." The agreement was incorporated into the final judgment in Jennifer and John's dissolution action.

Six weeks after entry of judgment, Jennifer requested an order finding John in contempt of court based on his failure to remit her portion of the $5,700 tax refund. The trial court granted John's motion to dismiss Jennifer's request, finding that she knew about the refund when she entered into the 2018 settlement agreement. It also concluded that she waived any claim to the refund when she signed the agreement.

Jennifer does not challenge the trial court's finding that she knew about the tax refund when she entered into the settlement agreement. Nor does she substantively challenge the court's conclusion that she waived her claim to the refund in that agreement. Because it is supported by substantial evidence, we are bound by the finding that Jennifer knew about the refund

2

when she signed the agreement.  (See *In re Marriage of Bonds* (2000) 24 Cal.4th 1, 37-38, superseded by statute on other grounds as stated in *In re Marriage of Cadwell-Faso & Faso* (2011) 191 Cal.App.4th 945, 958.)  We also conclude that the court below correctly interpreted the agreement since its interpretation gave effect to the agreement as a whole.  (See Civ. Code, § 1641.)

Because she knew about the $5,700 tax refund when she signed the settlement agreement, Jennifer waived any claim to it.  Her request that the trial court find John in contempt therefore lacked a legal basis.  The court thus properly granted his motion to dismiss the request.  (See *Board of Supervisors v. Superior Court* (1995) 33 Cal.App.4th 1724, 1737 [punishment for contempt requires violation of specific order].)

DISPOSITION

The trial court's order granting John's motion to dismiss Jennifer's request to find him in contempt of court, entered December 24, 2019, is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

3

John R. Smiley, Judge

Superior Court County of Ventura

_____

Jennifer Cunningham, in pro. per., for Appellant.

No appearance for Respondent.